# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM VERDEKAL, | : | |
| | : | |
| Petitioner | : | 3:15-CV-0395 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| R.A. PERDUE, WARDEN FCI SCHUYLKILL, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

On February 25, 2015, Petitioner, Adam Verdekal, an inmate currently incarcerated at the Federal Correctional Institution in Minersville, Pennsylvania, ("FCI-Schuylkill") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum in support of his petition. (Docs. 1 and 2). Petitioner requests that this court issue a writ of habeas corpus ad testificandum pursuant to 28 U.S.C. § 2241(c)(5) in order for him to testify at a hearing in the Luzerne County Court of Common Pleas ("LCCCP") in a matter in which Luzerne County Children and Youth Services ("LCCYS") is seeking to permanently terminate Petitioner's parental rights to his minor child. (Doc. 1, p. 1). For the reasons set forth below, the petition will be granted.

**<u>Background</u>**

On April 17, 2014, the LCCYS filed a petition to terminate Petitioner's parental rights, that is currently pending before the LCCCP. (Doc. 1, p. 1); (Doc. 2, p. 3); see <u>In the Interest of J.L., a Minor</u>, No. A-8203. Petitioner asserts that LCCYS is seeking to permanently terminate Petitioner's parental rights to his minor son. (<u>Id.</u>). On July 21, 2014, Judge Jennifer L. Rogers issued an Order authorizing the placement of Petitioner into the temporary custody of the Luzerne County Sheriff's Department for the purpose of transporting him to and from FCI-Schuylkill in order for him to attend the hearing before Judge Rogers that was scheduled for October 16, 2014, for the determination of whether Petitioner's parental rights would be permanently terminated. (Doc. 1, pp. 2, 4). It is alleged that Respondent refused to allow Petitioner to attend the hearing. (<u>Id.</u> at p. 2). On October 9, 2014, Judge Rogers issued an Order which stated that the Warden of FCI-Schuylkill was to make Petitioner available by telephone for hearings on October 16, 2014. (<u>Id.</u> at p. 5). As alleged by Petitioner, Respondent reported that Petitioner would be available only for a limited time period, and that time period was determined by counsel and "the Court" to be insufficient to allow Petitioner's meaningful participation in the hearing. (<u>Id.</u> at p. 2). On October 27, 2014, Judge Rogers issued an Order commanding that Petitioner be released into the temporary

custody of the Sheriff of Luzerne County for the purpose of transporting him to and from FCI-Schuylkill to the parental rights termination hearing that would take place at LCCCP on November 25, 2014. (Doc. 1, p. 6). Petitioner alleges that Respondent refused to allow Petitioner to attend the hearing on November 25, 2014, and that various attempts by counsel to secure Petitioner's participation in his parental rights termination hearing have been unsuccessful. (Id. at p. 2). Petitioner also alleges that he has exhausted all available remedies and is therefore entitled to seek habeas corpus relief under section 2241 in order to attend a termination of parental rights hearing scheduled for March 5, 2015 at 9:30 a.m. before Judge Rogers. (Id. at pp. 1, 3).

**Discussion**

Petitioner has filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 requesting that he be released into the custody of the Luzerne County Sheriff to testify at a termination of parental rights hearing involving his minor son. Under 28 U.S.C. § 2241(c)(5), a federal court may, in its discretion, issue a writ of habeas corpus to secure the appearance of a prisoner as a witness if it is necessary to bring the prisoner into court to testify or for trial. U.S. v. Murphy, 460 Fed. Appx. 122, 124 (3d Cir. 2012).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion

3

requirement, a federal prisoner may not file a petition for writ of habeas corpus challenging the execution of his sentence until he has exhausted all available administrative remedies.  Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  The United States Court of Appeals for the Third Circuit explained that exhaustion is required for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Id. at 761-62.

    The BOP's Administrative Remedy Program is a three-tier process available to inmates who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13.  If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden.  See 28 C.F.R. § 542.14.

An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative step. Id. The regulations further provide that the Warden shall respond within twenty (20) calendar days; the Regional Director shall respond within thirty (30) calendar days; and the General Counsel shall respond within forty (40) calendar days. See 28 C.F.R. § 542.18. Finally, the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

However, according to the Third Circuit Court of Appeals, exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also Carling v. Peters, 2000 U.S. Dist. LEXIS 10288, *2 (E.D. Pa. 2000) (exhaustion was not required where delay subjected the prisoner to irreparable injury).

In the case at hand, while Petitioner alleges he has exhausted his "all available remedies," he has not attached any exhibits to this effect. However,

given the nature of the hearing, which is to determine whether Petitioner's parental rights of his minor son will be terminated, it is determined that even if Petitioner has not exhausted all of his available administrative remedies, irreparable injury would result if he is not permitted to attend a hearing that has the potential to terminate his parental rights. Therefore, it is determined that exhaustion of the instant habeas petition is excused.

As stated, under section 2241(c)(5), a district court has the discretion to issue a writ to secure the appearance of a prisoner as a witness if it is necessary to bring the prisoner into court to testify or for trial. The Third Circuit Court of Appeals has stated that, in the context of a civil case, a district court, in exercising its discretion under section 2241(c)(5), should take the following factors into account: (1) the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom; (2) any potential danger or security risk which the presence of a particular inmate would pose to the court; (3) the substantiality of the matter at issue; (4) the need for an early determination of the matter; (5) the possibility of delaying trial until the prisoner is released; (6) the probability of success on the merits; (7) the integrity of the correctional system; and (8) the interests of the inmate in presenting his testimony in person rather than by deposition. U.S. v. Cruz-Jiminez, 977 F.2d 95, 104 (3d Cir. 1992) (citing Jerry v.

Francisco, 632 F.2d 252, 255 (3d Cir. 1980)). A district court's decision whether to issue the writ will be reversed only for an abuse of discretion. Murphy, 460 Fed. Appx. at 124 (citing Jerry, 632 F.2d at 256).

With regards to transportation and housing costs, the hearing is scheduled to take place in Luzerne County, which is only fifty-three (53) miles from Minersville where Petitioner is imprisoned, and there is no indication the type of hearing involved will require that Petitioner be house in the Luzerne County Prison overnight. Furthermore, it has already been determined by the Third Circuit Court of Appeals that a district court is not precluded from imposing the cost of housing and transporting a prisoner who was needed to testify in court on the county and Commonwealth. Story v. Robinson, 689 F.2d 1176 (3d Cir. 1982). Regarding the security risk factor, there is also no evidence or indication that Petitioner will pose a security risk, especially because he will be with the Luzerne County Sheriff at all times of his release.

Regarding the substantiality of the matter, this Court need only look to the Fourteenth Amendment substantive due process clause, which provides heightened protection against government interference involving certain fundamental rights and liberty interests, including the parental right to render decisions that involve the control, custody and care of a child. Quilloin v.

Walcott, 434 U.S. 246, 255 (1978). Furthermore, "the fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the state." Santosky v. Kramer, 455 U.S. 745, 753 (1982). It is determined that the substantiality of the matter revolves around a fundamental liberty interest that is of utmost importance, regardless of Petitioner's parental history.

Regarding the necessity of Petitioner to testify in person rather than via deposition, video testimony, or phone testimony, Petitioner alleges that Judge Rogers determined that Petitioner's limited phone privileges would be insufficient to allow Petitioner's meaningful participation in the hearing. (Doc. 1, p. 2). Judge Rogers then issued an Order on October 28, 2014, for a second time, demanding that Respondent turn Petitioner over to the Luzerne County Sheriff for purposes of the termination of parental rights hearing that had been rescheduled to November 25, 2014. (Id. at pp. 2-6). It is determined that in order for Petitioner to participate meaningfully in a hearing that could potentially result in the irreparable harm of termination to his parental rights, Petitioner must be present at the termination of parental rights hearing scheduled for March 5, 2015 at 9:30 a.m. before Judge Rogers in the LCCCP.

**Conclusion**

Based on the discussion of the factors involved in a section 2241(c)(5), it is determined, in the Undersigned's discretion, that Petitioner's writ of habeas corpus petition filed under 28 U.S.C. § 2241(c)(5) will be granted for the sole purpose of allowing Petitioner to appear at the termination of parental rights hearing scheduled for March 5, 2015 at 9:30 a.m. with Judge Rogers in the LCCCP. Petitioner shall be released from Respondent's custody to the custody of the Luzerne County Sheriff. The Luzerne County Sheriff's Department will be responsible for the costs, transportation, and custody of Petitioner from the moment the Luzerne County Sheriff takes custody over Petitioner from Respondent at FCI-Schuylkill for the parental rights termination hearing on March 5, 2015 to the moment Petitioner is returned to FCI-Schuylkill immediately upon conclusion of the hearing. These terms also apply should a recess occur during the hearing. Accordingly, the petition will be granted.

A separate Order will be issued.

    /s/ William J. Nealon

**Date:** February 26, 2015      **United States District Judge**